# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| RAPID COMPLETIONS LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:15-CV-724 |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| BAKER HUGHES INCORPORATED, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Baker Hughes Incorporated and Baker Hughes Oilfield Operations, Inc.'s (collectively, "Baker Hughes") Motion to Stay ("the Motion"). Doc. No. 132. For the reasons set forth below, the Court **DENIES-IN-PART** the Motion without prejudice and **GRANTS** Defendant's request for alternative relief.

## BACKGROUND

Between February 12 and 25, 2016, Baker Hughes filed petitions for *Inter Partes* Review ("IPR") covering all asserted claims of each of the patents-in-suit. Doc. No. 132 at 1. The Patent Trial and Appeal Board ("PTAB") must render an institution decision for at least three of the six petitions (the '505, '634, and '774 petitions) by August 25, 2016[1]. *Id.* The current Docket Control Order sets the *Markman* hearing on August 25, 2016, the close of fact discovery on September 23, 2016, and jury selection on September 18, 2017. *See* Doc. No. 151.

---

[1] If the PTAB consolidates Baker Hughes' petitions, the PTAB should provide all institution decisions by August 25, 2016. Doc. No. 132 at 1.

## APPLICABLE LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The party seeking the stay bears the burden of showing that the stay is appropriate. *Id.* at 255. A stay pending an administrative proceeding is not automatic, but rather it is based on the circumstances of the individual case. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006).

District Courts typically consider three factors when deciding whether to stay litigation pending *inter partes* review of a patent in suit: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Based on those three factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. *NFC Technology*, 2015 WL 1069111, at *2.

## ANALYSIS

Initially Baker Hughes argues that the *Sovereign* three-factor test weighs in favor of a stay. However, Baker Hughes acknowledges that the Court's general practice is to deny motions to stay prior to the PTAB instituting review. Thus, Baker Hughes additionally argues that this case presents exceptional circumstances warranting a deviation from the general rule denying

pre-institution stays. Doc. No. 132 at 5. Baker Hughes argues that oil and gas companies, especially oilfield services companies like Baker Hughes, have suffered greatly in recent years due to the decrease in oil prices. *Id.* at 5. Alternatively, Baker Hughes argues that if the Court concludes that the case does not warrant a pre-institution stay, that the Court deny the Motion without prejudice and order expedited briefing on Baker Hughes' anticipated post-institution motion to stay pending IPR. *Id.* at 7.

*General Rule: Sovereign 3-Factor Test*

Baker Hughes states that Rapid Completions is not unduly prejudiced by a stay because it is a non-practicing entity and thus monetary damages can compensate it for any delay in litigation. Doc. No. 132 at 3. Rapid Completions counters that a stay may be prejudicial even when the patent owner is not a direct competitor with the Defendant. Doc. No. 136 at 7. While the potential for prejudice is present, when a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, No. 13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *See also Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) ("Delay alone does not usually constitute undue prejudice, because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." (internal quotations omitted)).

Rapid Completions also argues that a stay risks the loss of important evidence. Doc. No. 136 at 8. While this is a concern, the concern is general in nature and not specific to this case[2]. Therefore Rapid Completion's concerns are entitled to consideration, but do not present a strong

---

[2] Rapid Completions initially argued that these concerns were more pertinent in this case given a potential merger between Baker Hughes and Halliburton. Doc. No. 136 at 9. However, this merger was terminated and thus Rapid Completions concerns present no stronger case for actual prejudice in this case than any other. Doc. No. 166, Ex. A.

3

case of actual prejudice. *See Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015).

Simplification of the issues depends on whether the PTAB decides to grant the petition. *Id.* at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014). It is difficult to predict the effect of a stay on the issues of this case, the parties, and the district court's proceedings without knowing whether the PTAB will institute *inter partes* review of the asserted patents. Baker Hughes is correct that the rationale behind IPR is to present a quick and cost effective alternative to litigation. *Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1303 (Fed. Cir. 2015). However, this rationale gains support once the PTAB actually institutes IPR. Prior to institution, it is too speculative to determine whether the outcome of a non-instituted IPR will even present any alternative to litigation.

Baker Hughes points to the hypothetical simplification of issues *if* the PTAB institutes IPR. Doc. No. 132 at 4. That is the same rationale in every case requesting a pre-institution motion to stay and does not necessitate a deviation from the almost universal rule denying pre-institution stays. The majority of courts that have addressed the issue of a pre-institution stay have either denied the stay request or postponed ruling until the PTAB acts on the petition for review. *See Trover*, 2015 WL 1069179, at *5-6 (collecting cases). Baker Hughes acknowledges this general rule denying pre-institution motions to stay pending IPR. Doc. No. 132 at 5. Baker Hughes has not brought forth any evidence pertaining to the three-factors that would cause the Court to rule otherwise. Rather, Baker Hughes argues that there are exceptional circumstances that require a deviation from the general rule. *Id.*

*Exceptional Circumstances*

Baker Hughes argues that there are exceptional circumstances in this case necessitating a deviation from the general rule denying pre-institution stays. Doc. No. 132 at 5. Baker Hughes is correct that the Court is not solely limited to the three-factor test in determining whether to grant a motion to stay. *Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc., et al.*, 2015 U.S. Dist. LEXIS 31452, No. 6:11-cv-492, at *10-11 n. 3 (E.D. Tex. Jan. 5, 2015) (noting that courts in other jurisdictions have looked at "the totality of the circumstances").

Specifically, Baker Hughes points to a drop in the value of oil and gas over the past two years, which has directly affected oilfield service companies like Baker Hughes. Doc. No. 132 at 5. Baker Hughes argues that this oil crisis is not a common circumstance that defendants can routinely use to justify a pre-institution stay, but rather is an anomaly that presents unique circumstances in this case. Doc. No. 143 at 4-5. While this specific drop in oil prices may not be a routine occurrence, economic downturns are neither unique nor infrequent. Baker Hughes has not alleged any exceptional circumstances other than economic hardship.

Baker Hughes also filed a Notice regarding its Motion to Stay on May 9, 2016 informing the Court that it filed a patent infringement suit against Packers Plus in the Southern District of Texas ("SDTX Case") in early 2016. Doc. No. 164 at 1. Baker Hughes noted that "Packers Plus, through Rapid Completions" filed a motion to stay in the SDTX Case based on petitions for IPR where review has yet to be instituted. *Id.* Baker Hughes presumably sought to point out the inconsistency between Rapid Completions seeking the exact relief that it opposes in this case, in another case. However, Rapid Completions responds that Packers Plus is the party at issue in the SDTX case, not Rapid Completions. Doc. No. 166 at 1. Furthermore, Rapid Completions argues

5

that Baker Hughes's entire basis for the stay in this case was financial hardship, which no longer exists due to the fee received as a result of the failed merger with Halliburton. *Id*.

First, Baker Hughes has not shown that Rapid Completions, and not Packers Plus, is seeking a pre-institution stay in the SDTX case, thus leading to inconsistent positions by the same party. Second, the basis for the stay in the SDTX case and the instant case are different and thus opposition of the instant motion is not necessarily inconsistent with advocating a motion to stay in another case. Here, Rapid Completions argues that Baker Hughes's financial hardships are not exceptional circumstances which warrant a pre-institution motion to stay. The position taken by Packers Plus in the SDTX case does not present an inconsistent opinion.

*Alternative Relief*

Baker Hughes argues, in the alternative, that if the Court does not grant the stay before IPR is instituted, that the Court deny the motion without prejudice and order an expedited briefing schedule on Baker Hughes' anticipated post-institution motion to stay. Rapid Completions does not oppose this relief. Doc. No. 136 at 11. The Court **GRANTS** Baker Hughes' alternative relief.

## **CONCLUSION**

It is **ORDERED** that Defendants Baker Hughes Incorporated and Baker Hughes Oilfield Operations, Inc.'s Motion to Stay (ECF 132) is **DENIED-IN-PART WITHOUT PREJUDICE**. The Court **GRANTS** Baker Hughes' request for alternative relief.

If the PTAB institutes IPR and Baker Hughes files a post-institution motion to stay pending IPR, the Court **ORDERS** expedited briefing on the anticipated post-institution motion to stay. It is further **ORDERED** that Rapid Completions has five (5) business days to respond to Baker Hughes' anticipated motion to stay and that neither party receive a reply or sur-reply.

So ORDERED and SIGNED this 1st day of June, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE